MICHAEL COOPER,  )
TDCJ No. 1647055,  )
    Plaintiff,  )
      )
v.  )  Civil No. 7:12-CV-178-O-BL
      )
SGT. HALE, *et al.*,  )
    Defendants.  )

## REPORT AND RECOMMENDATION

This is a civil rights action filed by an inmate confined in the Connally Unit of the Texas Department of Criminal Justice in Kenedy, Texas. Plaintiff claims that Defendants failed to protect him from being attacked by his cell mate and that they failed to move him to a bottom bunk to accommodate his sports injury. Complaint ¶¶ IV.B & V.

On January 29, 2013, the Court entered a notice of deficiency and order directing Plaintiff to file a statement, certified by an authorized officer of the institution in which he is confined, showing his current inmate trust account balance and the average monthly balances and deposits in his inmate trust account for the prior six months. The trust account statement is required to support Plaintiff's motion for leave to proceed *in forma pauperis*. Review of the Clerk's docket sheet reveals that Plaintiff has failed to comply with the Court's order.

The Court hereby takes judicial notice that inmate trust account statements are readily available through the law library of the state prison in which Plaintiff is confined. *See Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998) (affirming district court's dismissal for want of prosecution after inmate failed to comply with *sua sponte* order to provide financial information for assessment of statutory filing fee); *Morrow v. Collins*, 111 F.3d 374 (5th Cir. 1997) (taking judicial

notice that an inmate confined in a Texas state prison can get a statement of inmate trust account from the prison law library and dismissing the case for want of prosecution, even though the prisoner claimed that he could not get the statement due to hostility on the part of prison officials).

Rule 41(b), Federal Rules of Civil Procedure, allows the Court to dismiss an action *sua sponte* for failure to prosecute or for failure to follow orders of the Court. This authority flows from the Court's inherent power to manage its docket. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). A Rule 41(b) dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). However, a dismissal *with prejudice* for want of prosecution is an extreme sanction which should be employed only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Id.*

In the case at bar, Plaintiff has failed to comply with the Court's order. Absent compliance, this case cannot proceed. In light of the status of this case, the imposition of fines and costs is not appropriate. Although he has failed to comply with the Court's order, it is not evident from the record that Plaintiff has engaged in purposeful delay or contumacious conduct. Upon consideration of all relevant factors, the Court finds that the interests of justice and those of judicial efficiency would best be served by dismissal of this action without prejudice.

The incidents underlying Plaintiff's complaint occurred in 2010. Complaint ¶ V. Therefore, it appears that Plaintiff's complaint will be barred by the two-year statute of limitations upon dismissal. For that reason, Plaintiff should be afforded another opportunity to comply with the Court's deficiency order.

For the foregoing reasons, it is RECOMMENDED that this action be DISMISSED without prejudice pursuant to Rule 41(b), Federal Rules of Civil Procedure for want of prosecution. It is further RECOMMENDED that, if Plaintiff files his certified trust account statement within the 14-day objection period, this case should be referred back to the undersigned Magistrate Judge for further proceedings.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED this 28th day of February, 2013.

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE